**Nos. 2025-1236, -1241**

# United States Court of Appeals
# for the Federal Circuit

---

**EXELIXIS, INC.,**
*Plaintiff-Appellee*

v.

**MSN LABORATORIES PRIVATE LTD.,**
**MSN PHARMACEUTICALS, INC.**
*Defendants-Appellants*

---

Appeal from the U.S. District Court for the District of Delaware,
Case No. 1:22-cv-00228-RGA, Judge Richard G. Andrews

---

**DEFENDANTS-APPELLANTS' OPPOSED MOTION TO DISMISS APPEAL AS MOOT AND TO VACATE UNDERLYING DECISION**

---

CHARLES B. KLEIN
Winston Taylor LLP
1901 L Street, N.W.
Washington, D.C. 20036
(202) 282-5000

EIMERIC REIG-PLESSIS
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111
(415) 591-6800

KURT A. MATHAS
BRYCE A. COOPER
KEVIN J. BOYLE
Winston Taylor LLP
300 N. LaSalle Dr.
Chicago, IL 60654
(312) 558-5600

Pursuant to Fed. R. App. P. 27 and this Court's Rule 27(f), and in view of the Court's order dated May 28, 2026 (D.I. 61), defendants-appellants MSN Laboratories Private Ltd. and MSN Pharmaceuticals, Inc. (collectively, "MSN") move to partially dismiss the above-captioned appeal as moot as it relates to the final judgment of no invalidity for claim 3 of the '349 patent and to vacate the related judgment of the district court.

At the outset of this appeal, after MSN noticed its appeal as to the '349 patent, plaintiff-appellee Exelixis, Inc. cross-appealed, seeking reversal of the district court's finding of non-infringement of claim 3 of that patent. Thus, at the time, Article III standing existed regarding the validity of the '349 patent. But Exelixis has since voluntarily dismissed its cross-appeal, D.I. 26, conclusively waiving its right to assert the '349 patent against the accused MSN product. Consequently, this appeal is now moot as it relates to the '349 patent, divesting the Court of Article III jurisdiction.

MSN requests that the appeal be partially dismissed as it relates to the '349 patent. The Court should also follow its "established practice" of vacating the underlying district court judgment where an appeal

1

becomes moot during pendency of the appeal. *Evans v. United States*, 694 F.3d 1377, 1381 (Fed. Cir. 2012).

MSN consulted with counsel for Exelixis, who opposes this motion. We understand that Exelixis will argue that the appeal is not moot because it may have collateral consequences in follow-on litigation where Exelixis has asserted a related continuation patent of the '349 patent against MSN and co-defendants. But "the potential for collateral consequences is insufficient, on its own, to confer standing." *Best Medical International, Inc. v. Elekta Inc.*, 46 F.4th 1346 (Fed. Cir. 2022) (citation omitted).

## I.    MSN's appeal as to the '349 patent is now moot.

On May 28, 2026, this Court ordered that "[t]he parties should come to argument [scheduled for June 4, 2026] prepared to discuss whether Appellants have Article III standing to appeal the final judgment of no invalidity for claim 3 of U.S. Patent No. 11,298,349." D.I. 61. Research conducted in response to that order revealed that this Court has, in fact, lost jurisdiction to hear that aspect of the appeal because it is moot.

Article III standing turns on whether the appellant "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the

2

defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Interactive Commc'ns Int'l, Inc. v. Blackhawk Network, Inc.*, No. 2025-1632, 2025 WL 2741614, at *2 (Fed. Cir. Sept. 26, 2025) (citations omitted). "An injury in fact is 'a legally protected interest which is (a) concrete and particularized' and '(b) actual or imminent, not conjectural or hypothetical.'" *Id.* (citation omitted). And "[a]n injury is concrete if it is 'real' rather than 'abstract,' and particularized if it 'affect[s] the plaintiff in a personal and individual way.'" *Id.* (citations omitted). If this standard is no longer satisfied during the case's existence, "the case will be dismissed as moot." *Id.* (citing *Momenta Pharms., Inc. v. Bristol-Myers Squib Co.*, 915 F.3d 764, 770 (Fed. Cir. 2019) (cleaned up)).

On May 30-31 and June 1, MSN conferred with Exelixis in writing and orally to explain why Exelixis's voluntary dismissal of its cross-appeal rendered the non-infringement determination final and non-appealable, mooting MSN's related appeal regarding its declaratory judgment claim for invalidity of the '349 patent. *See, e.g., Interactive Commc'ns Int'l*, 2025 WL 2741614, at *2 (finding that accused infringer lacked standing to challenge a final written decision of no invalidity because of no "potential infringement activity").

We understand Exelixis' position to be that an "actual controversy" sufficient to confer jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), still exists because of the potential for Exelixis to rely on issue preclusion in follow-on litigation pending before Judge Andrews. Since the district court judgment in this case, Exelixis obtained and asserted another continuation patent that, among other things, omits the glidant limitation of the '349 patent forming the basis for the district court's noninfringement ruling. *See* No. 1:25-cv-00346-RGA (D. Del., filed Mar. 19, 2025). Exelixis asserts that there could be collateral consequences if the judgment of no invalidity were affirmed. But the appeal as to the '349 patent is still moot for at least three reasons.

*First*, the abstract and hypothetical possibility that a decision by the Court in this appeal concerning the '349 patent might theoretically support an argument for issue preclusion (or collateral estoppel) related to a different patent in separate litigation does not avoid mootness. To be sure, this Court has jurisdiction to reach a declaratory judgment action for invalidity after it finds no infringement for the same patent.[1] But this

---

[1] As this Court explained in *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, discussing *Cardinal Chemical Co. v. Morton International,*

situation is materially different because Exelixis has conclusively waived its right to appeal the district court's noninfringement judgment as to the '349 patent, mooting any concrete injury to MSN related to that patent.

Exelixis, however, is expected to argue that the Court still has jurisdiction to decide the obviousness appeal here due to potential issue preclusion implications of the decision below. But this Court has "repeatedly rejected invocation of the … potential for collateral consequences of a decision as a sufficient basis, on its own, to confer standing." *Interactive Commc'ns Int'l*, 2025 WL 2741614, at *2; *see also Best Medical* 46 F.4th at 1353 ("the potential for collateral consequences is insufficient, on its own, to confer standing"); *Ala. Mun. Distribs. Grp. v. FERC*, 312 F.3d 470, 474 (D.C. Cir. 2002) ("[I]t seems inescapable that neither standing nor ripeness could properly grow out of a harm predicated on a potential collateral estoppel effect.")).

---

*Inc.,* 508 U.S. 83 (1993), "an affirmed finding of noninfringement does not, without more, justify a reviewing court's refusal to reach the trial court's conclusion on invalidity." 57 F.3d 1054, 1060 (Fed. Cir. 1995). But "*Cardinal* does not revolutionize the justiciability of declaratory judgment actions"—"an actual case or controversy" must still exist and not have been "rendered moot." *Id.*

*Second*, the follow-on litigation is unlikely to turn on issue preclusion, rendering Exelixis' asserted basis for jurisdiction far too hypothetical and abstract to support Article III jurisdiction. That litigation concerning a different patent includes another set of defendants—Azurity Pharmaceuticals, Inc., Azurity Pharmaceuticals India LLP and Slayback Pharma LLC (collectively, "Azurity"). *See* No. 1:25-cv-00346-RGA (D. Del., filed Mar. 19, 2025). As confirmed by Exelixis in correspondence between the parties in the follow-on litigation, Azurity would not be subject to any issue preclusion if the decision below as to the '349 patent were affirmed, because Azurity was not a party in the underlying litigation concerning Exelixis and MSN.

Thus, no matter what happens in this appeal, at least Azurity will litigate the validity of the patent at issue in the follow-on case. Should Azurity prevail in invalidating that continuation patent in its case consolidated with MSN, such an invalidated patent certainly could no longer be asserted against MSN either—regardless of issue preclusion. Any assertion by Exelixis that a case or controversy still exists in this appeal as to the '349 patent based on hypothetical issue preclusion consequences is therefore purely speculative.

6

*Third*, and relatedly, this Court is ill-suited to speculate as to whether resolving this appeal as to the '349 patent could have collateral consequences that might benefit the appellee in separate litigation involving a different patent and additional parties. That issue "must be decided" in the follow-on suit; and, "[u]ntil then, any determination [] as to [collateral consequences] … is advisory in nature and falls outside of our Article III jurisdiction." *Apple Inc. v. Voip-Pal.com, Inc.*, 976 F.3d 1316, 1322 (Fed. Cir. 2020) (addressing analogous situation involving claim preclusion).

Cases cited by Exelixis in correspondence do not lead to a different conclusion. Exelixis relies on *DexCom, Inc. v. Abbott Diabetes Care, Inc.*, which held an appeal as to whether Abbott violated "a forum selection clause in a settlement and license agreement" not moot because "the parties continue[d] to dispute" the meaning of that clause. 89 F.4th 1370, 1372 n.1 (Fed. Cir. 2024). But here, there is no live dispute as to whether MSN infringes the '349 patent, and it is highly speculative as to whether the doctrine of issue preclusion could play a meaningful role in the follow-on case involving a different patent with additional parties not subject to the doctrine of issue preclusion.

Likewise, Exelixis places undue reliance on *National Iranian Oil Co. v. Mapco International, Inc.*, which rejected the argument that an appeal was moot because the defendant "lacks assets with which to satisfy a judgment." 983 F.2d 485, 490 (3d Cir. 1992). As the Court explained, "[a] viable damages claim exists and therefore this case is not moot." *Id.* The Court went on to "also note" that the trial court's order could have possible collateral legal consequences that avoid mootness because the parties continued to dispute which statute of limitations applied to a contract claim, and "prudential concerns such as judicial economy" cut against mootness "if there is a reasonable likelihood that the parties will relitigate the same issues in the future." *Id.* But here, in the face of highly speculative issue preclusion, judicial economy cuts against issuing an advisory opinion and favors dismissing the appeal as to the '349 patent as moot—thus leaving it to Judge Andrews to address any commonality in issues between the two cases. *See* 28 U.S.C. § 2201(a) (granting courts discretion to hear or not hear claims for declaratory relief).

In sum, MSN's appeal of the district court's final judgment of no invalidity for claim 3 of the '349 patent is moot in view of Exelixis'

decision to drop its cross-appeal. That aspect of MSN's appeal should be dismissed because there is no case or controversy sufficient to support jurisdiction under Article III.

## II. The district court's decision should be vacated pursuant to "established practice" under *Munsingwear.*

"When a case becomes moot on appeal," this Court's "'established practice' is to vacate the decision below with a direction to dismiss." *Evans*, 694 F.3d at 1381 (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). That practice enhances fairness by ensuring "that 'those who have been prevented from obtaining the review to which they are entitled are not treated as if there had been a review'" and "'prevent[ing] an unreviewable decision from spawning any legal consequences.'" *SynQor, Inc v. Vicor Corp.*, 988 F.3d 1341, 1355 (Fed. Cir. 2021) (cleaned up) (quoting *Munsingwear*, 340 U.S. at 39; *Camreta v. Greene*, 563 U.S. 692, 713 (2011)).

MSN requests that this Court follow its "established practice" here and vacate the district court decision below as it relates to the final judgment of no invalidity for claim 3 of the '349 patent. *Evans*, 694 F.3d at 1381. This portion of the appeal became moot due to "happenstance"—Exelixis' decision to voluntarily dismiss its cross-appeal—and not due to

any conduct by MSN. *INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1370 (Fed. Cir. 2022) ("Because the '590 patent portion of this appeal is mooted due to the intervening happenstance of the patent's expiration, we vacate the ITC's decision as to that patent."). Thus, it is "appropriate to vacate the order, given mootness is not attributable to [MSN]'s actions." *Seasons 4 Inc. v. Special Happy, Ltd.*, No. 2024-2013, 2024 WL 4003283, at *2 (Fed. Cir. Aug. 30, 2024).

Vacatur also will serve *Munsingwear*'s purpose of ensuring that the district court's decision as to the validity of claim 3 of the '349 patent, now "unreviewable," does not "spawn[] any legal consequences." *Munsingwear*, 340 U.S. at 41. Vacating the decision below will ensure that the district court's now-unreviewable declaratory-judgment findings as to the '349 patent is not asserted unfairly in future proceedings.

## CONCLUSION AND RELIEF SOUGHT

MSN requests that its appeal as to claim 3 of the '349 patent be dismissed as moot, and the district court's final judgment pertaining to that patent claim be vacated. MSN is prepared to address any further questions about jurisdiction during oral argument.

10

Respectfully submitted,

/s/ Bryce A. Cooper

CHARLES B. KLEIN
Winston & Strawn LLP
1901 L Street, N.W.
Washington, D.C. 20036
(202) 282-5000
cklein@winston.com

KURT A. MATHAS
BRYCE A. COOPER
KEVIN J. BOYLE
Winston & Strawn LLP
300 N. LaSalle Dr.
Chicago, IL 60654
(312) 558-5600
kmathas@winston.com
bcooper@winston.com

EIMERIC REIG-PLESSIS
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111
(415) 591-6800
ereigplessis@winston.com

kjboyle@winston.com

*Counsel for Defendants-Appellants MSN Laboratories*
*Private Ltd. and MSN Pharmaceuticals, Inc.*

June 1, 2026

11

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATIONS

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because the filing has been prepared using a proportionally spaced typeface and includes 2,029 words.

/s/ Bryce A. Cooper
BRYCE A. COOPER
*Counsel for Defendants-Appellants*

June 1, 2026